Steven Charles REED, Appellant,

v.

The STATE of Texas, Appellee.

No. 44260.

Court of Criminal Appeals of Texas.

Nov. 16, 1971.

Brian A. Eberstein, Dallas, for appellant.

**758**

Henry Wade, Dist. Atty., John B. Tolle and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of methamphetamine; the punishment four and one-half (4½) years.

Druggist Wilson testified that he received a call from someone purporting to be Dr. Horn who gave him a prescription for methamphetamine with the patient's name John W. Daniels. He testified that his suspicions were aroused and he called Dr. Horn and asked him if he had made such a prescription and that Dr. Horn denied that he had done so. Wilson then called his friend Officer Hemby and advised him of the situation. Hemby instructed Wilson to fill the prescription and went straight away to the drugstore where he concealed himself until the appellant came to pick up the prescription, whereupon Hemby placed him under arrest.

Hemby testified that after he delivered the appellant to some uniformed officers, he went home and changed clothes and then took the bottle of pills to the crime lab where it was marked and identified.

Officer Gonzales testified that he took the identified bottle of pills from the evidence box at the Dallas Police Department to the laboratory and turned the pills over to chemists Anderson and Alexander of the Dallas County Criminal Investigation Laboratory.

Anderson testified that he delivered the bottle of pills to Dr. Mason; Dr. Mason testified that an examination was made of the pills under his supervision and they were found to contain methamphetamine.

The appellant testified that at the time charged in the indictment he was living at an apartment house on Fitzhugh in Dallas with a man named John W. Daniels, that Daniels asked him to go pick up the pills and that he had nothing to do with the calling of the pharmacy and did not know what the pills contained at the time he received them.

■ Appellant's first ground of error is that the court erred in refusing to grant his requested charge on circumstantial evidence. The court did charge fully on mistake of fact and instructed the jury to find the appellant not guilty if he was acting under a mistaken belief that "his possession was upon a valid prescription." This was the affirmative defense raised by appellant's testimony and a charge on circumstantial evidence is not required.

■ Appellant's second ground of error is that the State failed to show the chain of custody because the officer took the pills home before taking them to the locked box. This contention has been adversely answered to the appellant in Gutierrez v. State, Tex.Cr.App., 422 S.W.2d 467.

■ Appellant's final ground of error is that he was not shown to have possession of the bottle of pills because the officer would never have allowed him to leave the place of business with the same.

In Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452, we said,

"We find no merit in appellant's contention that the evidence is insufficient to show that she possessed the capsules of heroin because the testimony showed that she only had them in her possession for approximately 25 seconds before delivering them to the State's witness. The duration or length of time the capsules were under appellant's control would not determine the question of her possession of the same."

Appellant's third ground of error is overruled.

The judgment is affirmed.