Ronnie Lee SHOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 44387.

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

Rehearing Denied Feb. 16, 1972.

Don R. Wilson, of Robinson, Wilson & Holloway, Abilene, for appellant.

Ed Paynter, Dist. Atty., Lynn Ingalsbe, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of marihuana where the punishment was assessed at 5 years.

At the outset appellant complains that the trial court erred in failing to instruct the jury as to the law of entrapment despite a timely presented special requested charge.

A brief discussion of the facts will be necessary.

Sgt. Joe Trammell, Special Services Division, Abilene Police Department, testified that at his request Marx R. Howell, employee of the Texas Department of Public Safety, was sent to Abilene as an undercover agent.

Howell testified the Abilene Police Department put him in contact with a man named Haggard who assisted him in his undercover work.

On October 29, 1969, Howell, while riding with Haggard in Haggard's car in the vicinity of Mack Eplen's Drive Inn, had occasion to meet the appellant. He introduced himself to the appellant as "Max Martin." Appellant got in the car and the threesome proceeded to the Drive Inn. Howell then related that while they waited for Cokes which had been ordered the appellant asked him if he wanted to buy some marihuana, and upon inquiry told him the cost would be $5.00. Thereafter the three proceeded at the appellant's directions to Merkel, Texas where Howell received approximately one match box of marihuana from the appellant for which he paid $5.00.

The chain of custody was established and the chemist testified his analysis showed the substance to be 2.90 grams of marihuana.

The defense then offered the deposition of Emmitt Haggard of Las Vegas, Nevada. He related that he had been in the air force and during most of the year 1969 he was stationed at Dyess Air Force Base at Abilene; that during such time he had been indicted for possession of marihuana and agreed to work with the police, hoping that his indictment would be dismissed— which it eventually was. On the date in question, while with Howell, he stated he waved at the appellant, whom he had known for about a year, and at Howell's instruction asked the appellant if he had any marihuana. The appellant stated he did and got in Haggard's car. After Cokes at the Drive Inn the three drove to Merkel where the appellant sold Howell $5.00 worth of marihuana.

"Where one is induced to do an act and the inducement prevents the act from being criminal, the fact of inducement constitutes a defense. However, the mere fact that one person affords another an opportunity to commit a crime, with a view to prosecuting the other person, is no defense." 16 Tex. Jur.2d, Criminal Law, Sec. 102, p. 234.

As pointed out in Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452, the general rule is that where the criminal intent originates in the mind of the accused, the fact that officers furnish the opportunity for or aid the accused in the commission of a crime constitutes no defense to such a prosecution. See also Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763; Jones v. State, Tex.Cr.App., 427 S.W.2d 616.

Unless it has been established as a matter of law that the accused was entrapped, the factual issue is a question for the jury when the evidence raises an issue as to whether the intent to commit the crime originated in the mind of the accused or in the officer's mind. Cooper v. State, 162 Tex.Cr.R. 624, 288 S.W.2d 762; Sutton v. State, supra. Where, however, the evidence does not raise such an issue,

it is not error to refuse a charge on entrapment. McKelva v. State, Tex.Cr.App., 453 S.W.2d 298, 299 and cases there cited.

 Under the circumstances presented by this case, we cannot conclude the court erred in refusing to charge on the defense of entrapment.

Neither Howell's version that appellant first broached the subject of the sale of marihuana, nor Haggard's version that appellant was asked if he had any marihuana for sale was sufficient to raise the defensive issue. Such evidence shows only that while the officer furnished an opportunity to commit a crime the criminal design originated in the appellant's mind. There is no evidence that the criminal design originated in the mind of the undercover agent and he induced the appellant to commit a crime which he would not otherwise have committed except for such inducement.

In Pierce v. United States, 5 Cir., 414 F. 2d 163, cert. den. 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425, it was held that where it appeared that the defendant had been eager to sell counterfeit money to an undercover agent from the moment they first met, the judge did not err in refusing to submit the entrapment issue to the jury, even though the undercover agent had initiated the conversations and persisted in them over a period of several months.

We conclude appellant's contention is without merit. McKenzie v. State, Tex. Cr.App., 383 S.W.2d 177; McKelva v. State, supra.

 By supplemental brief filed in this court appellant seeks to complain of the use of "Have you heard" questions in cross examining his character witnesses at the penalty stage of the trial. This was not a properly assigned error included in the brief timely filed in the trial court. See Article 40.09, Sec. 9, Vernon's Ann.C.C.P. After due consideration we have concluded

the ground of error belatedly urged does not require review "in the interest of justice." See Article 40.09, Sec. 13, V.A.C.C. P.

The judgment is affirmed.