**William Allen HAWK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**J. C. VANCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Howard Don HAMMONDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45160, 45162, 45163.**

Court of Criminal Appeals of Texas.

June 28, 1972.

Emmett Colvin, Jr., Dallas (On Appeal Only), for appellants.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

These are appeals from convictions for possession of marihuana where these appellants and two others were tried jointly. The court assessed the punishment in each case as follows:

| | |
|---|---|
| William Allen Hawk | Five years, probated |
| J. C. Vance | Two years, |
| Howard Don Hammonds | Four years, probated |

The appellants and the two others were arrested when narcotics agents of the Department of Public Safety executed a search warrant upon an apartment in Dallas at around 2:00 a. m. on February 20, 1970. Upon entering the room the agents placed all of the occupants under arrest. Marihuana was found at several places on the premises. None was found on the person of anyone.

Each of the appellants testified. Each denied knowing anything about the mari-

huana found by the officers until it was found.

The appellants challenge the sufficiency of the evidence, the classification of marihuana as a narcotic drug, denial of a motion to sever, the denial of motions by some of the appellants to impeach others regarding prior criminal records, and the prosecutor's comment on their silence while under arrest made during his argument to the jury. Due to the disposition of these appeals, only the last ground of error mentioned will be discussed.

During the prosecutor's argument, the following took place:

"MR. SCHWILLE: * * * There was silence out there that night of that arrest because nobody denied—

"MR. HENDLEY: We will object to the use of silence as being an inference of guilt, Your Honor, and we would ask the jury be instructed on that point.

"THE COURT: I overrule the motion.

"MR. HENDLEY: It is also a comment on the failure of our client to testify.

"THE COURT: I overrule the objection.

"MR. COLVIN: I would further object, Your Honor, on the grounds that there was no question asked at that time giving cause to bring about silence into play.

"THE COURT: I overrule your objection.

"MR. COLVIN: Note our exception." [1]

Comment about the silence of the accused during arrest violates Article 38.22, Vernon's Ann.C.C.P. (1972 Supp.), and the Fifth Amendment of the United States Constitution.

1. Because of multiple defendants and multiple lawyers the trial court agreed that each defendant would have the benefit of

"In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of an accusation." Miranda v. Arizona, 384 U.S. 436, 468, n. 37, 86 S. Ct. 1602, 1625, 16 L.Ed.2d 694 (1966).

For the above reason the judgments must be reversed and the causes remanded.

any exception or ruling as to any other defendant if he desired.