**J. D. HAYWOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45166.**

Court of Criminal Appeals of Texas.

July 12, 1972.

Sam A. Westergren, Jr., Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Thomas D. McDowell, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful sale of a narcotic drug, to-wit: heroin. Punishment was assessed by the jury at 75 years.

Initially, appellant complains of the court's failure to charge the jury on the defense of entrapment. A timely special requested charge was presented.

In 16 Tex.Jur.2d, Criminal Law, Sec. 102, Entrapment, at page 234, it is written:

"Where one is induced to do an act and the inducement prevents the act from being criminal, the fact of inducement constitutes a defense. However, the mere fact that one person affords another an opportunity to commit a crime, with a view to prosecuting the other person, is no defense."

In Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452, this court stated:

"It is the general rule that where the criminal intent originates in the mind of an accused, the fact that the officers furnish the opportunity for or aid the accused in the commission of a crime constitutes no defense to such a prosecution. However, if the criminal design originates in the mind of the officer, and he induces a person to commit a crime which he would not otherwise have committed except for such inducement, such is entrapment and, in law, may constitute a defense."

In McKelva v. State, Tex.Cr.App., 453 S.W.2d 298, this court held that:

"Unless an accused has established as a matter of law that he was entrapped, the factual issue is a question for the jury when the evidence raises an issue as to whether the intent to commit the crime originated in the mind of the accused or in the officer's mind. (Citations omitted) Where, however, the evidence does not raise such an issue it is not error to refuse a charge on entrapment. (Citations omitted.)"

█ In the case at bar the evidence shows that two deputy sheriffs with the Nueces County Sheriff's Department en-

tered the Blue Note Lounge in Corpus Christi and purchased a "paper" of heroin from the appellant. One of the officers stated that he was "dressed like a merchant seaman with a knit stocking cap, a black turtleneck sweater, bell bottom blue denim pants and boots," and that his partner "had on slacks, a long sleeved yellow shirt, sport coat, no tie, and shoulder length hair." After they entered the lounge they ordered beer from the appellant, who was apparently the manager of the premises. One of the officers testified that after he was served the beer the appellant "asked if I was looking for a lady. I said yes, and he said, 'Well, she ain't here, but I got the stuff.' I said, 'All right,' and he went over to the cigarette machine, pushed it back, shook it two or three times, and four or five packages fell out. He picked them up, however, then we went to the bar. He asked if I had the money. I said, 'Yes'. I took the matchbox out with a ten dollar bill in it, and handed it to him. He looked at it and gave me two packages of heroin. I said, 'No, I just have money for one.' I took one, he had the money, and we left." The officer was asked: "As between you and the defendant, J. D. Haywood, who initiated this sale? A. The defendant."

On cross-examination the officer was asked:

"Q. You all didn't make any statements at all you needed some drugs, would like to buy some drugs there?

"A. No, sir.

"Q. That is a fact?

"A. That is a fact."

We conclude that the trial court did not err in refusing to charge the jury on the defense of entrapment. While the officers furnished the opportunity for the appellant to participate in the commission of the offense, the evidence shows that the criminal design originated in the mind of the appellant. See Shott v. State, Tex.Cr.App., 475 S.W.2d 791, and cases cited therein.

Next, appellant complains of improper jury argument, contending that the state's attorney "committed reversible error by commenting to the jury on the fact that the appellant did not testify on his own behalf on the issue of guilt or innocence."

The complained of argument is as follows:

"The only evidence you heard, and if there was anything to the contrary, if there was anything that would dispute—

"MR. WESTERGREN: I object to his reference, referring to the defendant not testifying, Your Honor, which is an improper argument.

"THE COURT: Sustained.

"It is entirely uncontradicted evidence. If there had been any witnesses on behalf of the defendant—

"MR. WESTERGREN: Again I object, Your Honor, to his referring to the defendant not testifying.

"THE COURT: Sustained.

"MR. WESTERGREN: I request the Court to instruct the jury not to consider that portion of the State's argument.

"THE COURT: The jury is so instructed."

In the recent case of Hawk v. State, Tex. Cr.App., 482 S.W.2d 183 (1972) this court reversed the conviction where the prosecutor argued: " . . . There was silence out there that night of that arrest because nobody denied . . . ." However, in *Hawk*, the trial court overruled the objection to the argument. In the case at bar, the court sustained the objection and instructed the jury to disregard such argument.[1] No motion for mistrial was made.

---

1. The record shows that other persons were in the bar on the date in question, so references to the lack of defense testimony (no defense testimony was offered at the guilt or innocence stage of the trial) could possibly relate to them not being called as witnesses. In such event, the remarks should have been so predicated.

Appellant received all the relief he requested. We conclude that, under the facts of this case, the error in the argument, if any, was cured by the court's instruction.[2] See Alvarez v. State, Tex.Cr.App., 478 S.W.2d 450; Ellis v. State, Tex.Cr.App., 468 S.W.2d 406.

■ Appellant's contention that "there was an unexplained break in the chain of custody of certain evidence" is not supported by the record. Instead, the record reflects that: heroin was purchased from appellant by two deputy sheriffs; preliminary examination of the substance purchased by these officers revealed that it was heroin; one of the officers marked the package containing this substance for identification purposes; this same package was mailed to the Texas Department of Public Safety Laboratory in Austin, where it was received by the chemist who analyzed the contents and determined that it was heroin; the chemist also marked the package containing the heroin, for identification purposes. Both the officer and the chemist identified the exhibit. The fact that there was an interval between the date of the sale and the date the package was mailed does not warrant excluding this exhibit from evidence. During this period the exhibit was kept in an evidence locker to which only one other deputy had access. Appellant's objections on the basis of these factors, at most, go to the weight to be given to the evidence, not to its admissibility. Walker v. State, Tex.Cr.App., 470 S.W.2d 669.

■ Appellant complains of the "reference" by the prosecutor to a "rap sheet" during the punishment hearing.

At the punishment stage of the trial appellant's sister and sister-in-law testified that appellant's reputation was good. On cross-examination they were asked if they had heard of certain convictions and arrests in the past. Thereafter, appellant took the stand in his own behalf and introduced the "rap sheet" in question. He admitted: that he "gave" the officer the heroin in question; that he was an addict; that he had served two terms in the penitentiary; that he had been, in fact, arrested on all dates inquired about in the "have you heard" questions propounded to his character witnesses except one. No error is shown.

■ Next, appellant contends the punishment was excessive.

The punishment assessed was within the range set by the legislature. Article 725b, Sec. 23(c), Vernon's Ann.P.C., fixes the punishment as " . . . imprisonment in the penitentiary for not less than five years nor more than life." See Stallings v. State, Tex.Cr.App., 476 S.W.2d 679; Deeds v. State, Tex.Cr.App., 474 S.W.2d 718; Wilson v. State, Tex.Cr.App., 473 S.W.2d 532.

Appellant also complains of jury misconduct. He has not shown such by affidavit or otherwise. Hence, no error.

■ Finally, appellant asserts that "the verdict in this case is contrary to the law and evidence." This ground of error is overruled. The evidence is sufficient to support the verdict.

The judgment is affirmed.

2. Had appellant moved for a mistrial a different result might very well be reached. It should be noted that to obtain a mistrial, a motion is necessary. The risk of jeopardy attaching is too great for the trial court to grant a mistrial on its own motion. See United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543; Taylor v. State, Tex.Cr.App., 474 S.W.2d 207.