Clayton Dean BREWER, Appellant,

v.

The STATE of Texas, Appellee.

No. 47361.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Rehearing Denied Nov. 7, 1973.

Lawrence Bruhl, Llano, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from an order revoking probation.

On April 17, 1972, appellant plead guilty and was convicted of possession of marihuana, and his punishment was assessed at two (2) years, probated. One of the conditions of his probation was that he commit no offense against the laws of this state.

On December 8, 1972, a motion to revoke probation was filed by the district attorney alleging, among other things, that appellant violated his probation by unlawfully possessing a narcotic drug, to-wit, marihuana, in Llano County on or about November 27, 1972. On January 12, 1973, a hearing was had on the motion to revoke. At the conclusion of the hearing, probation was revoked on the basis that appellant had violated the above stated condition by unlawfully possessing a narcotic drug, to-wit, marihuana, in Llano County on or about November 27, 1972.

Appellant, in his brief, sets forth four grounds of error. Ground number one complains of the trial court admitting into evidence testimony of peace officers of in-

formation which was gained by reason of an illegal search and seizure. Grounds two and four complain of the insufficiency of the evidence to support the trial court's order.

We do not find it necessary to pass upon the question of the legality of the search of the premises, and the officers' testimony given as the result thereof. We find from the record that, independent of the evidence of the officers participating in the raid, there was other admissible evidence sufficient to support the findings of the court and the order of revocation.

The record reflects that the witness Walter Dwain Horton, on the morning of November 27, 1972, was approached by one Roy Berryhill, who told Horton that he was going to have some marihuana, and asked if Horton wanted to buy some. Horton answered "yes." Later on that same day, Horton reported this conversation to the sheriff, and informed him of the arrangement for him to buy marihuana from Berryhill. A search warrant was issued. A ten dollar bill was given Horton by the sheriff, and that afternoon Horton went to Berryhill's home. Appellant and several others were in a room with Berryhill. As Horton went in, he recognized the odor of burning marihuana. He purchased a "lid" of marihuana from Berryhill, paying $10.00 for it. Horton had previously seen marihuana, had smoked some, was able to recognize it when he saw it, and knew that the substance he bought was marihuana. We quote as follows from Horton's testimony:

"Q All right. Now then, I will ask you to state whether or not that you at any time after you came into possession of that marihuana that you got from Mr. Berryhill, did you at any time deliver all or any part of that particular marijuana to the defendant in this case, Clayton Dean Brewer?

"A Yes, sir, for about a minute, I did.

"Q All right, and tell the Court the circumstances under which that marijuana was in the possession of Mr. Brewer there just for the brief time.

"A I handed it to him and—You know, I asked them if they wanted to roll a couple, you know, and smoke it before I left, and he said he thought he had some papers—He said he had some papers, and he didn't, so he gave it back to me.

"Q But he was in possession of it there.

"A Yes, for about a minute.

"Q Had the defendant at that time agreed to you that he was going to smoke that marijuana which you had given to him, except for that fact that he didn't have any papers with him at that time?

"A He didn't say he was going to smoke it, he just was—He was there, and he was going to roll some to smoke. He just got it, and he thought he was going to—you know, he was going to roll some, but he checked and he didn't. But he didn't say he was going to smoke it, though.

"Q But he was checking for the papers.

"A Yes, sir.

"Q And then, after that, well then, of course, you took possession of the marijuana back yourself?

"A Yes, he handed it back to me.

"Q Do you know whether there were any statements made at that time whether—that showed, or—(To the reporter) Strike that.

"Were there any statements made at that time by the defendant in this case as to whether or not he had been smoking or was smoking marijuana at that time?

"A No, he didn't say anything about he was smoking it. But the other guys did; said they were smoking some there before I got there.

"Q And they—Were they referring to anybody in particular, or the group as a whole?

"A The whole group was, before I got there—were smoking it.

"Q All right."

Appellant did not testify at the hearing.

■ The quoted testimony reflects that after Horton purchased the marihuana appellant took possession of it for a short time "to roll some to smoke." When appellant discovered that he did not have any papers, he returned the marihuana to Horton. The duration or length of time that the marihuana was under appellant's control would not determine the question of his possession. Sutton v. State, 170 Tex. Cr.R. 617, 343 S.W.2d 452; Reed v. State, Tex.Cr.App., 472 S.W.2d 757; Kwant v. State, Tex.Cr.App., 472 S.W.2d 781. In Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763, evidence that appellant received the marihuana cigarette from one smoker, "puffed" it, exhaling deeply, and then handed it to another to do the same, was held to be sufficient to constitute possession.

■ Appellant contends that Horton's testimony showed him to be an accomplice witness, and that it established the defense of entrapment as a matter of law. The evidence reflects that in the purchase of the marihuana Horton was acting as an undercover agent for the sheriff after having informed him of the conversation with Berryhill. An undercover agent who purchases marihuana is not an accomplice witness so long as he does not bring about the crime, but merely obtains evidence to be used against those engaged in the traffic and his testimony need not be corroborated.[1] Ochoa v. State, supra; Jones v. State, Tex.Cr.App., 427 S.W.2d 616; Gomez v. State, Tex.Cr.App., 461 S.

W.2d 422; Robbins v. State, Tex.Cr.App., 481 S.W.2d 419.

■ As to appellant's claim that Horton's testimony established the defense of entrapment as a matter of law, the record reflects that Horton merely furnished appellant the opportunity to commit the offense. There was no inducement by Horton to prove as a matter of law that the criminal design originated in his mind, inducing appellant to commit a crime he would not otherwise have committed. Ochoa v. State, supra; Jones v. State, supra; Shott v. State, Tex.Cr.App., 475 S. W.2d 791; Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452. Appellant's contention of entrapment as a matter of law is overruled.

We find the evidence sufficient to support the judgment, and overrule his second and fourth grounds of error.

■ In appellant's third ground he complains that the original conviction was void because the court, as a condition to granting probation, required appellant to waive his right to appeal. This contention appears to be based solely upon the recitation in the probation order that appellant had waived the right to file a motion for a new trial and the right to appeal. This does not bear out the contention that such waiver was a condition precedent to the granting of probation, or that the trial court required such waiver before granting probation. Appellant did not attempt to present any evidence in the record to prove his contention. The third ground of error is overruled.

There being no abuse of discretion, the judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J., concurs in the result.

[1]. We do not intend to imply that in proceedings to revoke probation the uncorroborated testimony of an accomplice witness must be corroborated by other evidence. See Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165; Kelly v. State, Tex.Cr.App., 483 S.W.2d 467 (con-

curring opinion); Stembridge v. State, Tex.Cr. App., 477 S.W.2d 615; Moreno v. State, Tex. Cr.App., 476 S.W.2d 684; Barnes v. State, Tex.Cr.App., 467 S.W.2d 437; Gonzales v. State, Tex.Cr.App, 456 S.W.2d 53.