**John SHIPP, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 13-84-211-CR.

Court of Appeals of Texas, Corpus Christi.

Sept. 5, 1985.

Tom Lambright, Houston, for appellant.

Wiley L. Cheatham, Dist. Atty., Cuero, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

OPINION

BENAVIDES, Justice.

Appellant was convicted by a jury of the offense of delivery of a controlled substance, methamphetamine, and assessed a punishment of five years' confinement in the Texas Department of Corrections. We affirm.

Appellant does not challenge the sufficiency of the evidence. All three of his grounds of error are directed to the first part of the State's closing argument at the guilt or innocence phase of the trial.

First appellant complains of the prosecutor's statement that, "these criminal defense attorneys, they're never satisfied with the State's case. They're paid not to be." Appellant's objection to the remark was sustained, and the jury was instructed to disregard the statement. Appellant

made no motion for a mistrial. Appellant received all the relief he requested, thus, any error was waived. *Haywood v. State*, 482 S.W.2d 855 (Tex.Crim.App.1972).

■ Next appellant complains of the prosecutor's argument:

And sometimes I think it's human nature to say well, he looks like one of my sons or it could have been one of my sons or he probably learned his lesson. Well, I'll tell you this: I think this is one of our worst type or most dangerous type of dope peddlers. I think that. . . .

The prosecutor was interrupted by appellant's objection, but the objection was overruled. As the State points out, immediately preceeding the complained of statement was the prosecutor's remark, "One thing that kind of worries me, you know, is that we have a local twenty-five year old clean shaven young man sitting here as the Defendant." We agree with the State that the argument was a plea to the jury to enforce the law and a plea that they not be swayed by sympathy for the young appellant.

In his third ground of error appellant complains of the prosecutor's argument:

"And I submit to you, you, the members of the jury, that if we do that in this case I think we would be opening doors to the dopers and dope peddlers in this County."

In full context the statement of the prosecutor was as follows:

MR. McGILL: Along this line, I would just like to mention that there was testimony that he would never do it again. And y'all might say to y'all's selves well, he's been through a whole lot and he's probably learned his lesson. In fact, Mr. Salch testified that he said that to him that he'll never do it again. And I submit to you, you, the members of the Jury, that if we do that in this case I think we would be opening doors to the dopers and dope peddlers in this County.

Again, this argument was a plea to the jury to enforce the law and not to acquit appellant because he had already learned his lesson. *Alejandro v. State*, 493 S.W.2d

230 (Tex.Crim.App.1973) sets out the areas of approved jury argument. These include pleas of law enforcement and summation of the evidence. The arguments complained of herein do not require reversal when considered in the entire context of the jury argument and in light of the evidence at the trial. Even were such arguments to be held beyond permissible argument such were not so manifestly improper that appellant was deprived of a fair and impartial trial. Appellant's second and third grounds of error are overruled.

The judgment of the trial court is AFFIRMED.