Affirmed and Memorandum Opinion filed February 27, 2007








Affirmed and Memorandum Opinion filed February 27, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00089-CR

____________

 

DARRELL VICK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1029457

 



 

O P I N I O N








Appellant, Darrell Vick, was charged by indictment with
possession of cocaine weighing more than four grams and less than 200 grams. 
The indictment also contained two enhancement paragraphs alleging previous
felony convictions.  After considering the evidence, the jury found appellant
guilty as charged in the indictment.  Thereafter, the jury found the
enhancement allegations to be Atrue@ and assessed his
punishment at confinement in the state penitentiary for a term of 45 years.  In
two points of error, appellant contends: (1) the evidence is legally and
factually insufficient to support the conviction; and (2) the trial court erred
in denying his request for a jury instruction on the lesser included offenses
of possession of one to four grams of cocaine, and possession of less than one
gram of cocaine.  We affirm.

Officers Bryant and Burleson of the Houston Police
Department attempted to stop a car with an expired registration.  The driver initially
refused to stop, but after a short pursuit, the car pulled into the parking lot
of a motel.  The officers identified Michael McKay as the driver; appellant was
a passenger.  As appellant exited the car, Bryant saw a sandwich bag containing
what appeared to be crack cocaine fall from the inside of appellant=s pants leg.  The
officers gathered the substance and field tested it.  The substance tested
positive for cocaine.  Appellant was arrested.  In a subsequent search of
appellant=s person, Bryant discovered a crack pipe.  The
officers placed the crack pipe and cocaine together in an evidence bag.  The
crime lab determined the substance was 6.2 grams of crack cocaine, worth
approximately $50 on the street.

In his first point of error, appellant contends the
evidence is legally and factually insufficient to support his conviction
because he never Apossessed@ the cocaine. 
Appellant testified that McKay tossed an object to him when the police attempted
to stop their vehicle.  Thus, appellant contends his momentary control over the
object falls short of a Aknowing@ possession of
illegal contraband.








In assessing the legal sufficiency of the evidence, the
reviewing court considers all of the evidence in the light most favorable to
the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Threadgill
v. State, 146 S.W.3d 654, 663 (Tex. Crim. App. 2004) (citing Jackson v.
Virginia, 443 U.S. 307, 319 (1979)).  The Jackson standard of review
A>gives full play to
the jury=s responsibility
fairly to resolve conflicts in the evidence, to weigh the evidence, and to draw
reasonable inferences from the evidence.=@ Id. (quoting
Garcia v. State, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001)).  The jury is
the exclusive judge of the credibility of witnesses and of the weight to be
given testimony, and it is also the exclusive province of the jury to reconcile
conflicts in the evidence.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex.
Crim. App. 2000).  When faced with conflicting evidence, we presume the trier
of fact resolved conflicts in favor of the prevailing party.  Turro v. State,
867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim.
App. 1997).

To establish unlawful possession of a controlled substance,
the State must prove: (1) appellant exercised control, management, or care over
the substance; and (2) appellant knew the substance possessed was contraband.  Evans
v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).  Regardless of
whether the evidence is direct or circumstantial, it must establish appellant=s connection with
the contraband was more than fortuitous.  Id.  When the accused is not
in exclusive possession of the place where contraband is found, the State must
show additional affirmative links between the accused and the contraband.  Olivarez
v. State, 171 S.W.3d 283, 291 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  An affirmative link generates a reasonable inference
that the accused knew of the contraband=s existence and
exercised control over it.[1] 
Johnson v. State, 658 S.W.2d 623, 627 (Tex. Crim. App. 1983).  In
deciding whether the evidence is sufficient to link the accused to the
contraband, the trier of fact is the exclusive judge of the credibility of the
witnesses and the weight to be given to their testimony.  Poindexter v.
State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).  An affirmative link can
be established when the contraband is hidden in a place tied to the accused.  Id.
at 410B11.








Here, the crack cocaine was not found in the car, which
appellant shared with McKay,[2]
but, instead, was hidden on appellant=s person.  When
appellant exited the car, Officer Bryant observed the crack fall from inside
the right leg of appellant=s pants.  Appellant admitted he hid the
crack cocaine in his pants.  Bryant further testified appellant attempted to
cover the cocaine with his foot.  In fact, appellant tried to grind the crack
cocaine rocks into dust, to allow the wind to blow the evidence away. 
Appellant testified he saw McKay selling drugs and asked for a ride.  When a
police car pulled in behind them, appellant said McKay threw something in his
lap and told him to hold it.  Appellant claims he panicked when McKay threw the
crack in his lap.  Appellant testified he knew Ait had to be
crack,@ and that he
needed to hide it from the police.  Appellant further testified he realized Aif I don=t try to hide it
and they catch me with it, then I=m going to jail.@  Thus, appellant=s own testimony
establishes his knowing possession of the contraband.

In addition to the crack cocaine, the officers also
recovered a crack pipe from appellant.  Appellant admitted the crack pipe
belonged to him and that he is a crack cocaine addict.  Moreover, appellant
admitted he knows what crack cocaine looks like.  Although he testified he did
not actually look at the package McKay threw in his lap, appellant said he
assumed it was crack based on what McKay said, how he acted, and the fact that
McKay is a drug dealer.  Appellant testified he knew Ait had to be
crack.@

We hold a reasonable jury could conclude from the evidence
presented here that appellant knowingly exercised control over the cocaine. 
Accordingly, the evidence is legally sufficient to support the verdict.








In conducting a factual sufficiency review, we view the
evidence in a neutral light and will set aside the verdict only if the verdict
is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.  Cain v. State, 958 S.W.2d 404, 407B08 (Tex. Crim.
App. 1997).  A clearly wrong and unjust verdict occurs where the finding is Amanifestly unjust,@ Ashocks the
conscience,@ or Aclearly demonstrates bias.@  Prible v.
State, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).  We must employ
appropriate deference so that we do not substitute our judgment for that of the
fact finder.  Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App.
1996).  We do not engage in a second evaluation of the weight and credibility
of the evidence, but only ensure that the trier of fact reached a rational
decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).  

There are two ways in which the evidence may be
insufficient.  Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).  First, when considered by itself,
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, there may be evidence both
supporting, and contrary to, the verdict.  Id.  Weighing all the
evidence under this balancing scale, the contrary evidence may be strong enough
that the beyond‑a‑reasonable‑doubt standard could not have
been met and the guilty verdict should not stand.  Id.  If there is
evidence that establishes guilt beyond a reasonable doubt which the trier of fact
believes, the judgment cannot be reversed on sufficiency of the evidence
grounds.  Wicker v. State, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). 
Our analysis must consider the evidence appellant claims is most important in
allegedly undermining the verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  Appellant contends the evidence that undermines the
verdict concerns the crack pipe, time of possession, and the ownership of the
crack cocaine recovered.








The trier of fact is the sole judge of the credibility of
the witnesses and is free to believe or disbelieve all, part, or none of any
witness= testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  A decision is not
manifestly unjust merely because the trier of fact resolved conflicting views
of the evidence in favor of the State.  Cain, 958 S.W.2d at 410.  First,
as previously discussed, Officer Bryant testified the 6.2 grams of crack
cocaine dropped from inside appellant=s pants leg and
appellant attempted to grind the crack rocks into dust so the wind would blow
it away.  Appellant denied trying to cover the crack with his foot.  Appellant
admitted one of the crack pipes recovered belonged to him, but claimed the
rocks of crack did not.  Appellant admitted there was less than one gram of
crack left in the crack pipe, and argues this proves possession of less than
four grams of cocaine.  We presume the jury believed Officer Bryant and
disbelieved all or part of appellant=s testimony.  

Next, appellant contends the crack was not in his
possession long enough for him to exert control over the contraband because
McKay threw the bag containing the 6.2 grams of cocaine into his lap only
seconds before police arrested him in the motel parking lot.  Appellant
admitted hiding the package of crack cocaine in his pants.  Duration or length
of time that a controlled substance is under the control of the possessor does
not determine the question of possession.  Brewer v. State, 500 S.W.2d
504, 506 (Tex. Crim. App.1973).  According to his own testimony, appellant
consciously decided to hide the crack, and actually hid the crack cocaine in
his pants.

Finally, appellant claims he did not own the contraband
because he could not afford the $50 price and he had no money on him when he
was arrested.  However, the statutory element of possession is not ownership,
but control, care, or management.  Appellant confessed to such control, care,
or management when he admitted he hid the crack cocaine in his pants and knew Ait had to be
crack.@  Balancing all
the evidence, the contrary evidence is not so strong that the reasonable-doubt
standard could not have been met.  We presume the State=s evidence was
believed by the trier of fact and, thus, establishes guilt beyond a reasonable
doubt.  Thus, we find the evidence factually sufficient to support the
conviction.  Accordingly, appellant=s first point of
error is overruled.








In his second point of error, appellant contends the trial
court erred by denying his request for a jury instruction on the lesser
included amounts of possession of a controlled substance.  A two‑part
test (ARoyster@ test) is used to
determine whether a lesser‑included offense must be submitted to a jury.[3] 
Campbell v. State, 149 S.W.3d 149, 152 (Tex. Crim. App. 2004).  First,
to be considered a lesser‑included offense, the lesser offense must be
included within the proof necessary to establish the offense charged.  Id. 
This means that the offense must come within the dictates of Article 37.09 of
the Texas Code of Criminal Procedure.[4] 
Id.  Second, some evidence must exist in the record that would permit a
jury to rationally find that if appellant is guilty, he is guilty only
of the lesser offense.  Id.

Because Article 37.09 defines a lesser‑included
offense both in terms of the offense charged and in terms of the facts of the
case, the determination of whether an offense is a lesser‑included
offense must be settled on a case‑by‑case basis.  Id. 
Accordingly, we must analyze:  1) the elements of the offense actually charged,
2) the elements of the offense sought as a lesser‑included offense, and
3) the proof actually presented at trial to establish the elements of the charged
offense to see if that proof showed the lesser‑included offense.  Id.
at 153.  Article 37.09, in relevant part, states that an offense is a lesser‑included
offense if Ait is established by proof of the same or less than
all the facts required to establish the commission of the offense charged.@  Tex. Code Crim. Proc. Ann. art.
37.09(1).  








A person commits a violation for simple possession, when Athe person
knowingly or intentionally possesses a controlled substance . . .@  Tex. Health & Safety Code Ann. ' 481.115(a)
(Vernon 2003).[5] 
The difference between offenses lies in the amounts possessed.  Possession of
less than four grams of a controlled substance may be a lesser-included offense
of possession of more than four grams of a controlled substance.  To determine
whether an offense is a lesser‑included offense, we must evaluate the
entire record and consider both the offense charged and the facts proven in
this case.  Campbell, 149 S.W.3d at 154. 

Here, appellant admitted possessing the crack pipe while
denying he Apossessed@ the baggie of
crack cocaine.  Appellant contends since the crack pipe was placed in the
evidence bag with the crack cocaine, it is impossible to determine how much
crack residue was contained in the pipe.  However, appellant argues common
street practice makes it unlikely there was more than one gram left in the
pipe.  Appellant then reasons that less than four grams of crack residue would
be in the pipe, entitling him to a lesser-included offense instruction.








Appellant argues that if the jury believed his testimony
that the crack pipe was his, and he used it to smoke crack, then the jury
rationally could have found him guilty of only the lesser-included possession
of either one to four grams, or less than one gram, of controlled substance. 
We do not agree.  There are two ways in which the evidence may indicate that a
defendant is guilty only of the lesser offense.  Saunders v. State, 840
S.W.2d 390, 391 (Tex. Crim. App. 1992).  First, if there is more than a
scintilla of evidence from any source that negates or refutes the element
establishing the greater offense, or second, if the evidence is subject to more
than one reasonable interpretation regarding the aggravating element and one of
the interpretations negates or refutes the greater offense, the jury should be
charged on the lesser‑included offense.  Schweinle v. State,
915 S.W.2d 17, 19 (Tex. Crim. App. 1996).  

Here, appellant unknowingly satisfied the legal definition
of possession when he admitted hiding the contraband on his person.  Thus,
there is no evidence in the record before us that, if believed, would show
appellant was guilty only of the lesser offense.  Accordingly, we overrule
appellant=s second point of error.

Having found appellant knowingly possessed the 6.2 grams of
cocaine, and appellant was not entitled to a jury instruction on
lesser-included charges, we affirm the judgment of the trial court.

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed February 27, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  This court recently summarized a non-exclusive list
of possible Aaffirmative links@
that Texas courts have recognized as sufficient, either singly or in
combination, to establish a person=s
possession of contraband.  Olivarez, 171 S.W.3d at 291 (citing Washington
v. State, 902 S.W.2d 649, 652 (Tex. App.CHouston
[14th Dist.] 1995, pet. ref=d); Chavez
v. State, 769 S.W.2d 284, 288‑89 (Tex.App.CHouston [1st Dist.] 1989, pet. ref=d)).  The list included among others: the accused=s proximity to and the accessibility of the
contraband; whether the accused owned or had a right to possess the place where
the drugs were found; whether other contraband or drug paraphernalia were
present; whether the accused made furtive gestures; and whether the conduct of
the accused indicated a consciousness of guilt.  Id.





[2]  Both appellant and the State briefed affirmative
links arguments.  The State did not argue exclusive possession although the 6.2
grams of crack fell from appellant=s
person.  Thus, we will analyze the facts using an affirmative links analysis.





[3]  Royster v. State, 622 S.W.2d 442, 446 (Tex.
Crim. App. 1981).





[4]  An offense is a lesser included offense if:

(1) it is
established by proof of the same or less than all the facts required to
establish the commission of the offense charged;

(2) it
differs from the offense charged only in the respect that a less serious injury
or risk of injury to the same person, property, or public interest suffices to
establish its commission;

(3) it
differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or

(4) it
consists of an attempt to commit the offense charged or an otherwise included
offense.

Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).





[5]  In the pertinent part, Section 481.115(a) reads:

(a) Except
as authorized by this chapter, a person commits an offense if the person
knowingly or intentionally possesses a controlled substance listed in Penalty
Group 1, unless the person obtained the substance directly from or under a
valid prescription or order of a practitioner acting in the course of
professional practice.

(b) An
offense under Subsection (a) is a state jail felony if the amount of the
controlled substance possessed is, by aggregate weight, including adulterants
or dilutants, less than one gram.

(c) An
offense under Subsection (a) is a felony of the third degree if the amount of
the controlled substance possessed is, by aggregate weight, including
adulterants or dilutants, one gram or more but less than four grams.

(d) An
offense under Subsection (a) is a felony of the second degree if the amount of
the controlled substance possessed is, by aggregate weight, including
adulterants or dilutants, four grams or more but less than 200 grams.

Tex. Health & Safety Code
Ann. '
481.115.