

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1226-10

**NICK LEE GRIEGO, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### HALE COUNTY

*Per Curiam.*

### O P I N I O N

A jury convicted Appellant of evading arrest or detention, and assessed punishment at confinement for ten years. The Court of Appeals found the evidence legally insufficient to support a third-degree felony offense level because the State failed to present proof of a prior conviction at the guilt/innocence stage of trial. *Griego v. State*, No. 07-09-00206-CR (Tex.App. - Amarillo, delivered June 10, 2010). Additionally, the Court of Appeals determined the evidence was factually insufficient to prove Appellant evaded arrest or

detention, so the court reversed the conviction and remanded the case to the trial court for a new trial or for proceedings consistent with the opinion. *Id*.  On October 15, 2010, the State timely filed a petition for discretionary review in the Court of Appeals.  See Tex.R.App.P. 68.2.  On October 26, 2010, the Court of Appeals withdrew its opinion, but failed to issue another opinion in its place.  On January 11, 2011, the Court of Appeals issued another opinion and reformed the conviction to reflect that Appellant was guilty of the class B misdemeanor offense of evading arrest or detention.  *Griego v. State*, __S.W.3d__ (Amarillo, No. 07-09-00206-CR, delivered January 11, 2011).  The Court of Appeals's opinion issued on January 11, 2011, was untimely under rule 50 of the Texas Rules of Appellate Procedure because it was issued more than 60 days after the State's petition for discretionary review had been filed.  Accordingly, the court had no jurisdiction to issue that opinion.  See *Miller v. State*, 267 S.W.3d 32 (Tex.Cr.App. 2008); *Jones v. State*, 280 S.W.3d 847 (Tex.Cr.App. 2006); *Beller v. State*, 191 S.W.3d 718 (Tex.Cr.App. 2005); *Parsons v. State*, 187 S.W.3d 385 (Tex.Cr.App. 2005); Ex *parte Brashear*, 985 S.W.2d 460 (Tex.Cr.App. 1998); *Garza v. State*, 896 S.W.2d 192 (Tex.Cr.App. 1995).  Therefore, the Court of Appeals's opinion issued on January 11, 2011, is ordered withdrawn, and the original judgment and opinion of the Court of Appeals that issued on June 10, 2010, are reinstated.

In the initial petition for discretionary review the State contended, among other things, that the case should be remanded to the Court of Appeals in light of this Court's very recent opinion in *Brooks v. State*, 323 S.W.3d 893 (Tex.Crim.App. 2010).  In *Brooks* this Court

overruled *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App. 1996) and set aside its factual sufficiency standard of review, and held that the *Jackson v. Virginia*, 443 U.S. 307 (1979), standard for legal sufficiency is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks*, 323 S.W.3d at 912. The Court of Appeals in the instant case did not have the benefit of our opinion in *Brooks* for its opinion dated June 10, 2010. Accordingly, we summarily grant only ground six of the State's petition for discretionary review, vacate the judgment of the Court of Appeals dated June 10, 2010, and remand this case to that court to reconsider in light of *Brooks*.


Delivered May 4, 2011
Publish