Opinion issued October 13, 2011.

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00746-CR

———————————

Jacob Matthew Kiffe, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 228th District Court  

Harris County, Texas



Trial Court Case No. 1195811

 



 

OPINION

A jury
convicted Jacob Matthew Kiffe of driving while intoxicated.  See Tex. Penal Code Ann. § 49.04 (West 2011).  Kiffe
stipulated to two prior convictions of driving while intoxicated.  The trial court assessed his punishment at
three years’ community supervision, with a suspended sentence of five years’
confinement.  On appeal, Kiffe contends
that the evidence is legally and factually insufficient to support his
conviction of driving while intoxicated.  Alternatively, he maintains that the single
standard of review announced in Brooks v.
State[1]
is unconstitutional, and that the evidence is insufficient under the former standard
of review for factual sufficiency challenges. 
We affirm.

Background

In December 2008, during the morning hours,
Suzette Floyd was driving her vehicle southbound along Highway 6 with her son,
Curtis.  Kiffe was driving his vehicle northbound
along the same highway.  Kiffe’s vehicle
was swerving as it approached the Floyds. 
Kiffe nearly rear-ended the vehicle in front of him, but at the last
moment again swerved, clipping the rear driver-side door of that vehicle.  Kiffe then crossed into oncoming traffic and
struck the front of the Floyds’ vehicle. 
Both airbags deployed in the Floyd’s vehicle, which was totaled in the
collision.  Suzette was uninjured, and
Curtis suffered minor injuries.   

Immediately after the collision, Suzette,
Curtis, and Kiffe exited their vehicles. 
Suzette stated that Kiffe appeared drunk.  According to Suzette, Kiffe staggered when he
walked, slurred his speech when he spoke, and had the smell of alcohol on his
breath.  Curtis also thought Kiffe was
drunk.  Curtis testified that Kiffe had a
“discombobulated look on his face” and staggered around as if he could not maintain
his balance.  He said that Kiffe looked
“just . . . out of it.”  Both Suzette and
Curtis said that Kiffe appeared uninjured. 


State Trooper C. Terry was the first police
officer to arrive at the scene of the accident. 
Kiffe told Trooper Terry that the accident was his fault. Trooper Terry
observed that Kiffe had an unstable gait, pinpointed pupils, and slurred speech.  Based on these characteristics and his
experience as a state trooper, Trooper Terry concluded that Kiffe was
intoxicated.  He did not smell alcohol on
Kiffe, but believed he was under the influence of a narcotic.  He did not conduct a field sobriety test on
Kiffe because EMS was in route to provide him with medical attention.  Kiffe informed Trooper Terry that he had not consumed
any alcohol and had not taken any medications. 
He did not reveal any medical conditions or injuries.  Trooper Terry stated that Kiffe had no
observable injuries at the accident scene.  

EMS technicians took Kiffe to the hospital.   While in route, Kiffe told the technicians
that he had taken “1/2 a bar of Xanax” the night before the accident.  He denied any alcohol or drug use on the day
of the accident. He said that he had a history of seizures, depression, and
anxiety and complained of right leg pain. 
He told the technicians that he thought a seizure might have caused the
accident.  At the hospital, blood tests
were conducted on Kiffe, which revealed no alcohol to be present in his system.  Medical personnel did not test for the
presence of controlled substances.  The
medical records indicate, however, that Kiffe had “confused, abnormal speech,”
and no head trauma.  His cardiovascular and
respiratory systems were normal.  But he
was not oriented to time and had very slurred speech.  Medical personnel wrote an initial diagnosis
of “suspected opiate [illegible] intoxication,” and his departure diagnosis was
“[a]pparent intoxication opiates/m.”  

Trooper
Terry also observed Kiffe at the hospital. 
Kiffe still had pinpointed pupils and a dazed expression on his face.  Terry requested a urine sample from Kiffe for
urinalysis testing, but Kiffe refused to give a sample.  Terry arrested Kiffe for driving while
intoxicated.  On the way to the police
station, Kiffe slurred his speech, was very talkative, and eventually fell asleep.
 

Dr.
Joseph Toothaker-Alvarez, Kiffe’s expert witness, diagnosed Kiffe with severe
depression and panic disorder.  He also
noted that Kiffe had a history of insomnia. 
Dr. Toothaker-Alvarez said that psycho-motor retardation, like that
Kiffe exhibited, is a symptom of major depression.  An individual who suffers from psycho-motor
retardation may have a slowed thought process, slowed speech, and flat affect.  An observer could misinterpret these symptoms
as signs of intoxication.  Dr.
Toothaker-Alvarez also testified that a seizure or a head injury can cause dozing-off,
pinpoint pupils, unstable gait, and slurred speech.  He opined that nothing in Kiffe’s medical
records indicated a diagnosis of narcotic intoxication.  He described the records as reflecting
“routine blood tests.”  He testified that
Kiffe’s respiratory rates were a “subtle sign” that Kiffe was not abusing
narcotics.  

Dr.
Toothaker-Alvarez stated that Xanax induces a state of euphoria and that its
effects last for hours.  If abused, Xanax
can affect a person’s central nervous system and impair his cognitive abilities
and performances.  Opiates likewise
affect a person’s central nervous system in a way that impairs motor
skills.  Kiffe reported to Dr.
Toothaker-Alvarez that, although he was not receiving treatment for his
problems from a physician or psychiatrist, he took Valium on a daily basis and
Vicodin on an intermittent basis.  Dr.
Toothaker-Alvarez testified that both Valium and Vicodin affect the central
nervous system, and if a person used them together one of the drugs could cause
the other to have a more potent affect on the central nervous system.      

Discussion 

Sufficiency of the
Evidence 

1)    Standard of Review

This Court reviews legal and factual
sufficiency challenges using the same standard of review.  Ervin v.
State, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d).  Under this standard, evidence is insufficient
to support a conviction if, considering all the record evidence in the light
most favorable to the verdict, no rational factfinder could have found that
each essential element of the charged offense was proven beyond a reasonable
doubt.  See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789, 61 L.Ed.2d 560 (1979); In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071, 25 L.Ed.2d 368
(1970); Laster v. State,
275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App.
2007).  Viewed in the light most
favorable to the verdict, the evidence is insufficient under this standard in
two circumstances: (1) the record contains no evidence, or merely a “modicum”
of evidence, probative of an element of the offense; or (2) the evidence
conclusively establishes a reasonable doubt.  See Jackson, 443 U.S. at 314, 318 n. 11, 320, 99 S. Ct. at 2786, 2789 &
n. 11; Laster, 275
S.W.3d at 518; Williams,
235 S.W.3d at 750.  Additionally, the
evidence is insufficient as a matter of law if the acts alleged do not
constitute the criminal offense charged.  Williams, 235 S.W.3d at 750.

An appellate court determines whether
the necessary inferences are reasonable based upon the combined and cumulative
force of all the evidence when viewed in the light most favorable to the
verdict.  Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App.
2007) (citing Hooper v. State,
214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007)).  In viewing the record, direct and
circumstantial evidence are treated equally.  Id.
 Circumstantial evidence is as probative
as direct evidence in establishing the guilt of an actor, and circumstantial
evidence alone can be sufficient to establish guilt.  Id.  An appellate court presumes that the
factfinder resolved any conflicting inferences in favor of the verdict and
defers to that resolution.  See
Jackson, 443 U.S. at 326,
99 S. Ct. at 2793; Clayton,
235 S.W.3d at 778.  An appellate court
also defers to the factfinder’s evaluation of the credibility and weight of the
evidence.  See Williams, 235 S.W.3d at 750.

A person is guilty of driving while intoxicated “if the
person is intoxicated while operating a motor vehicle in a public place.”  Tex.
Penal Code Ann. § 49.04(a). 
Driving while intoxicated is a third-degree felony if it is shown at
trial that the defendant has previously been convicted “two times of any other
offense relating to the operating of a motor vehicle while intoxicated....” Id.
§ 49.09(b)(2). 

2) Analysis  

Kiffe
claims that the evidence was insufficient to prove that he was intoxicated by
use of alcohol or drugs.  For purposes of
the statute, proving an exact intoxicant is not an element of the offense. Gray v. State, 152 S.W.3d 125, 132 (Tex.
Crim. App. 2004).  Circumstantial
evidence may prove that a person has lost the normal use of his mental or
physical faculties by reason of introduction of a controlled substance or drug
into his body.  See Smithhart v. State, 503 S.W.2d 283, 284 (Tex. Crim.
App. 1973).  A lack of balance and
slurred speech can prove intoxication.  Griffith v. State, 55 S.W.3d 598, 601
(Tex. Crim. App. 2001) (“Since
the definition of ‘intoxicated’ includes ‘not having the normal use of mental
or physical faculties,’ any sign of impairment in the appellant’s ability to
speak would be circumstantially relevant to whether he was legally intoxicated
while driving.”) (quoting Tex. Penal Code § 49.01(2)(A)); see also Cotton v.
State, 686 S.W.2d 140, 142
n. 3 (Tex. Crim. App. 1985) (noting that evidence of intoxication includes
slurred speech, unsteady balance, and staggered gait).  Also, as a general rule, the testimony of an
officer that a person is intoxicated provides sufficient evidence to establish
the element of intoxication for the offense of DWI.  See Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim.
App. 1979) (reasoning that officer’s testimony that person was intoxicated
provided sufficient evidence to establish element of intoxication); see also
Henderson v. State, 29
S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (stating that
the testimony of a police officer that individual is intoxicated is probative
evidence of intoxication).

The Floyds and Trooper Terry observed Kiffe’s loss of
physical and mental faculties in his slurred speech, unstable gait, and
pinpointed pupils.  The Floyds thought
that Kiffe appeared drunk. Based on his experience, Trooper Terry believed that
Kiffe was intoxicated and under
the influence of a narcotic because he did not smell alcohol on Kiffe.  Kiffe’s driving was erratic.  Before the collision, Kiffe was swerving in
and out of his lane.  He hit the vehicle
in front of him and then drove into on-coming traffic.  

According to the medical
records, Kiffe was diagnosed with apparent intoxication by opiates.  Kiffe admitted to
consuming Xanax the night before the crash, and he admitted that he takes
Valium on a daily basis and Vicodin on an intermittent basis.  Dr. Toothaker-Alvarez testified that these
drugs affect a person’s central nervous system and can impair a person’s
cognitive abilities and performances.  See Paschall v. State, 285 S.W.3d 166,
177 (Tex. App.—Fort Worth 2009, pet. ref’d) (holding that evidence was sufficient to support felony DWI
conviction where defendant admitted on medical intake sheet that he was taking
two prescription drugs, central nervous system depressants, that cause person
intoxicated by their use to exhibit slurred speech, affected balance, abnormal
gait, and constricted pupils, and police officer observed these characteristics
in defendant); Landers
v. State, 110 S.W.3d 617,
620–21 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d) (holding evidence
sufficient to support felony DWI conviction when appellant admitted ingesting
prescription medication and appeared sluggish, stumbled, had poor coordination,
and slurred her words).  In addition, Kiffe refused to submit to a
urine analysis.  See Tex. Transp. Code
§ 724.061; Bartlett v. State,
270 S.W.3d 147, 153 n. 20 (Tex. Crim. App. 2008) (defendant’s refusal to submit
to breath test relevant to show consciousness of guilt).  These pieces of evidence provide some proof
that a jury could credit in concluding that Kiffe had lost his normal physical
or mental faculties due to an intoxicant.   


Dr. Toothaker-Alvarez testified that other reasons could explain all of the symptoms observed
by Trooper Terry, the Floyds, and the medical personnel.  It is the responsibility of the fact finder, however, to
resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts.  See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  The jury could have reasonably chosen to
place greater weight on the testimony of the witnesses, who observed Kiffe on
the day of the offense, than Dr. Toothaker-Alvarez, who
observed him months later.  

Reviewing this evidence in the light most favorable to the
verdict, we hold that a rational trier of fact could have found beyond a
reasonable doubt that Kiffe was intoxicated while operating a motor vehicle in
a public place. See Tex. Penal Code Ann. § 49.04. Accordingly, we hold
that the evidence was legally and factually sufficient to support appellant’s
conviction. See Jackson,
443 U.S. at 319; Laster,
275 S.W.3d at 517; Williams,
235 S.W.3d at 750.

Challenge to Single
Standard of Review 

Kiffe maintains that the single standard of
review that the Texas Court of Criminal Appeals announced in Brooks v. State is unconstitutional and
that the evidence is insufficient under the former standard of review for
factual sufficiency challenges.  See 323 S.W.3d 893(Tex. Crim. App. 2010) (Hervey, J., joined by
Keller, J., Keasler, J., and Cochran, J. in plurality opinion) (Cochran, J. and
Womack, J. concurring, in agreement that the Jackson v. Virginia
standard is the applicable standard for all reviews of the evidence in criminal
cases). 

As an appellate court, we are duty
bound to follow precedent issued by the Texas Court of Criminal Appeals in this
matter.  Ervin, 331 S.W.3d at 53. 
Although an
intermediate appellate court’s decision “shall be conclusive on all questions
of fact brought before them on appeal or error,” the Texas Court of Criminal
Appeals has the authority to determine questions of law, including the standard
of review that an intermediate appellate court must use in conducting factual
review.  See Tex. Const. art. V, § 6(a)  (providing for questions of fact to be
resolved by intermediate appellate courts); Roberts v. State, 221 S.W.3d
659, 663 (Tex. Crim. App. 2007).  In Brooks, the Court of Criminal Appeals directed intermediate courts
to apply a single standard of review to legal and factual sufficiency
challenges in criminal cases, using the Jackson
standard. Brooks, 323 S.W.3d 893 at
901.  The Court of Criminal Appeals determined that the Clewis
standard should no longer be applied to review the factual sufficiency of the
evidence, and instructed lower courts to follow the Jackson standard for
the review of factual-sufficiency challenges. Id.  In numerous later decisions, the Court of Criminal Appeals has reaffirmed its directive to
the courts of appeals— not merely  as a
plurality of the court, but instead by its now unanimous precedent.  See,
e.g., Martinez v. State, 327 S.W.3d 727, 730 (Tex. Crim. App. 2010); Griego v. State, 337 S.W.3d 902, 903
(Tex. Crim. App. 2011) (per curiam).  
We are bound to
follow the Court of Criminal Appeals, and we apply the Jackson
sufficiency standard of review to complaints styled as legal or factual
sufficiency challenges concerning the elements of a criminal offense.  Ervin,
331 S.W.3d at 54.  Accordingly, we reject
Kiffe’s challenge to the single standard of review announced in Brooks.    

Conclusion


We hold that the evidence is legally and factually
sufficient to support the conviction.  We therefore affirm the
judgment of the trial court. 

 

                                                                   

Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

Publish.   Tex. R. App. P. 47.2(b). 











[1]           See
Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010).