**Affirmed and Memorandum Opinion filed November 7, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01033-CR
### NO. 14-12-01034-CR

---

### MARK ANTHONY RODRIGUEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause Nos. 1349278 & 1349279**

---

## MEMORANDUM OPINION

A jury convicted Mark Anthony Rodriguez of injury to an elderly person (Appeal No. 14-12-01033-CR; Trial Court Cause No. 1349278) and criminal mischief (Appeal No. 14-12-01034-CR; Trial Court Cause No. 1349279). In accordance with an agreement with the State, appellant pleaded "true" to the enhancement allegations and was sentenced to confinement for thirty years on the

charge of injury to an elderly person and fifteen years on the charge of criminal mischief. The sentences were ordered to run concurrently. In each case, appellant filed a notice of appeal. We affirm both judgments.

The record reflects that following a minor vehicular accident, in which the side mirrors of two cars collided, appellant and Gregory Smith attacked Ronwick Broussard. Appellant and Smith followed Broussard and his wife home and again attacked Broussard, his wife, and his daughter. Appellant and Smith then vandalized Broussard's car.

In both cases, appellant asserts the evidence is legally insufficient to sustain the verdict.[1] Specifically, appellant argues that the record contains no evidence that a "brick" was used in the commission of either offense, as alleged in both indictments.

Regarding the charge of injury to an elderly person, the indictment alleged appellant caused bodily injury to the complainant, an individual who was at least 65 years of age, by striking the complainant with his hand or, alternatively, by striking the complainant with a brick. Appellant does not challenge the sufficiency of the evidence to support the verdict based upon his striking the complainant with his hand. "When a general verdict is returned and the evidence is sufficient to support a finding of guilt under any of the paragraph allegations submitted, the verdict will be upheld." *McDuff v. State,* 939 S.W.2d 607, 614 (Tex. Crim. App.1997). Because there is no challenge to the sufficiency of the evidence

_____

[1] Appellant also argues the evidence is factually insufficient to support the conviction. Since the Court of Criminal Appeals' decision in *Brooks v. State,* 323 S.W .3d 893, 894–95, 912–13 (Tex. Crim. App. 2010) (4–1–4 decision), the legal-sufficiency standard set forth in *Jackson v. Virginia,* 443 U.S. 307 (1979), is the only standard that we apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *See Griego v. State*, 337 S.W.3d 902, 903 (Tex. Crim. App. 2011); *Brooks,* 323 S.W.3d at 894–95, 912–13. In light of *Brooks,* we will review only appellant's challenge to the legal sufficiency of the evidence.

2

supporting the alternate basis for the jury's verdict, we overrule appellant's sole issue on appeal from his conviction for injury to an elderly person.

The indictment for the charge of criminal mischief alleged appellant intentionally and knowingly damaged a motor vehicle owned by the complainant by throwing a brick at the windshield and vehicle. Appellant asserts that because the object used to strike the vehicle was not actually a brick, the evidence is legally insufficient to sustain the verdict. Appellant argues the State was required to prove the object was a brick or the variance between the indictment and the evidence at trial is fatal to the conviction. *See Stevens v. State*, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995). Because the record contains evidence from which a rational trier of fact could have found a brick was used, we need not determine whether the term "brick" constituted a variance.

In a sufficiency-review, we view all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Salinas v. State,* 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). The jury reasonably may infer facts from the evidence presented and weigh the evidence as it sees fit. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim. App.1986). Reconciliation of conflicts in the evidence is within the jury's discretion and such conflicts alone will not constitute grounds for reversal if there is enough credible evidence to support the conviction. *Losada v. State,* 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). Inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); *Harris v. State,* 164 S.W.3d 775, 784 (Tex. App. —Houston [14th Dist.] 2005, pet. ref'd).

Ronwick Broussard identified the objects used to vandalize his motor vehicle as "bricks" and a "cinderblock." Shannon Sneed, Broussard's daughter, testified "[t]hey picked up some bricks that was in the yard and like threw the brick inside the windshield, the front windshield of the car. A brick was thrown through the sunroof of the car." Louriell Broussard, Ronwick's wife, testified "[b]oth of the young men tore the car up. They picked up bricks, the big cinder bricks, and threw it in the front windshield. They picked up some bricks and broke out the back windshield." State's Exhibit 15, a photograph, was admitted into evidence and Louriell testified it shows "the bricks that was throwed [sic] through the car." Officer Musick also described the objects in the photographs as "bricks."

"[T]erms not legislatively defined are typically to be understood as ordinary usage allows, and jurors may thus give them any meaning which is acceptable in common parlance." *Medford v. State*, 13 S.W.3d 769, 771-72 (Tex. Crim. App. 2000). Although other terms also were employed to describe the objects used to damage the vehicle, four witnesses used the term "brick" and a photograph of those objects was admitted into evidence. It was within the province of the jury to reconcile the various terms used with the objects depicted in the photograph and find that a brick was used to commit the offense. We conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Garrett v. State,* 851 S.W.2d 853, 857 (Tex. Crim. App. 1993). Appellant's sole issue on appeal from his conviction for criminal mischief is overruled.

In each case, the judgment of the trial court is affirmed.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).