**Affirmed and Memorandum Opinion filed January 27, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01027-CR

**RAUL GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1365300**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Raul Garcia of the offense of assault of a family member. *See* Tex. Pen. Code Ann. § 22.01(a)(1) (West, Westlaw through 2013 3rd C.S.). Appellant entered a plea of "true" to two enhancement paragraphs. The trial court sentenced appellant to confinement for 25 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

In a single issue, appellant claims the evidence is legally insufficient to support his conviction. Specifically, appellant argues there is no evidence that he committed the offense of assault on a family member because there is no evidence he acted intentionally or knowingly.

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The jury is the sole judge of the credibility of witnesses and of the weight given to their testimony. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

Proof of knowledge or intent is an inference that may be drawn by the factfinder both from direct evidence and from evidence of the circumstances surrounding the act. *See Brown v. State*, 122 S.W.3d 794, 800 (Tex. Crim. App. 2003). A factfinder can infer knowledge or intent from the acts, conduct, or remarks of the accused. *Darkins v. State*, 430 S.W.3d 559, 565 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

A person commits the offense of assault against a family member, as applicable here,[1] if that person intentionally or knowingly causes bodily injury to another, and that person is a family member as defined by the Texas Family Code.

---

[1] Because the indictment did not allege the culpable mental state of "recklessly," we do not measure the sufficiency of the evidence by that element. *See Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (A hypothetically correct jury charge accurately sets out the law and *is authorized by the indictment*). We note the jury charge likewise did not include "recklessly."

*See* Tex. Penal Code Ann. § 22.01(a)(1); and Tex. Fam. Code Ann. § 71.003 (West, Westlaw through 2013 3rd C.S.).

The complainant, appellant's wife, testified they were having an argument in their bedroom. Appellant placed his hand on her chest and pushed her. The complainant asked appellant for her car keys and phone, and they began to yell at each other. The complainant testified that appellant "back-slapped me on my lip with the back of his hand." Two photographs of the injury to the complainant's lip were entered into evidence. The complainant testified that the blow to her lip hurt and she felt pain. The complainant described the injury as a "busted lip." The complainant tried to get out of the room but appellant grabbed her by the hair and pushed her against the cabinet, giving her a bump on her head. The complainant testified that she had "a big bump" on the side of her forehead that took approximately three weeks to heal. The complainant also had a mark from appellant grabbing her arm.

Both of the Garcias' sons were in the home at the time. The youngest son, N.G., was fourteen at the time of trial. He heard a "big bang" but did not see what happened. His mother was screaming to call the police, and he did so. The Garcias' oldest son, R.G., was 16 at the time of trial. He heard a "loud commotion" and "a slap" but did not see his father strike his mother. R.G. saw the complainant try to leave the room and testified that "[appellant] grabbed her hair and then slammed her into the cabinet." R.G. testified his mother's head hit the cabinet. He tried to get the phone on the bed because his mother told him to call the police. His father was holding the phone and said that if he tried to call, he would be sorry. R.G. called out to his younger brother, who got the phone from the other room and called the police.

3

Conduct is "intentional" or "knowing" in connection with this offense when a person acts, with respect to a result of his conduct, (a) with intent when it is his conscious objective or desire to cause the result; or (b) with knowledge when he is aware that his conduct is reasonably certain to cause the result. Tex. Pen. Code Ann. § 6.03(a), (b) (West, Westlaw through 2013 3rd C.S.); *Ford v. State*, 38 S.W.3d 836, 844 (Tex.App.—Houston [14th Dist.] 2001, pet. ref'd) (Assault by causing bodily injury is a result-oriented offense). The testimony describing appellant's actions sufficed to allow a rational factfinder to conclude that appellant acted intentionally or knowingly during an argument with the complainant when he struck her on the lip with his hand and then caused her head to hit a cabinet. Further, the jury could infer knowledge or intent from appellant's threat to R.G. if he tried to call the police. Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that appellant committed the offense of assault-family member. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Griego v. State*, 337 S.W.3d 902, 903 (Tex. Crim. App. 2011). Accordingly, we conclude the evidence is legally sufficient to support appellant's conviction and overrule his sole issue. The judgment of the trial court is affirmed.

/s/     William J. Boyce
        Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).

4