**Affirmed and Memorandum Opinion filed May 14, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00533-CR

**ATHALY HENRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 3**
**Jefferson County, Texas**
**Trial Court Cause No. 300445**

## MEMORANDUM OPINION

In this appeal from a conviction for resisting arrest, the only question is whether the evidence is legally and factually sufficient to support the conviction. We conclude that the evidence is sufficient and we affirm the trial court's judgment.

## BACKGROUND

The jury heard two competing versions of the events. The first version came from the arresting officer, who testified that he was dispatched to a residence following complaints of loud music. When the officer arrived at the residence, he found appellant sitting in his truck, listening to reggae. The officer asked appellant to turn the music off because it was loud and neighbors were trying to sleep. Appellant dismissed the officer, proclaiming that he had a right to listen to music because "this is America."

Appellant eventually exited his vehicle to head inside his garage, but he refused to turn off his music. The officer gave appellant a clear verbal command to stop, but appellant did not listen. The officer then attempted to arrest appellant for disorderly conduct.

When the officer grabbed appellant's arm to effect the arrest, appellant jerked away. The officer reached for the collar of appellant's shirt, but appellant jerked away again and began to spin around. The officer then bear-hugged appellant to maintain control of him, but appellant continued to twist and "flail" about. During their struggle, appellant and the officer knocked over shelves in appellant's garage.

The officer told appellant several times to stop resisting, but appellant continued to fight back. The officer called for backup and then forced appellant to the ground. The officer placed a handcuff around one of appellant's wrists, but appellant jerked his arms free and started swinging them around with the handcuffs partially attached. The officer was finally able to subdue appellant before backup arrived. The officer suffered a minor injury during the incident, a scratch to his right hand that later left a scar.

Appellant disputed the officer's testimony. He testified that he was not sitting in his truck listening to music. He claimed that the truck was inoperable, that its transmission had been removed, and that the stereo could not play music because there was no power.

Appellant claimed that he was cleaning a part in his garage when the officer arrived at his property. Appellant opined that the officer arrested him under the mistaken belief that he was connected with another crime down the street. Appellant denied that he ever resisted arrest.

## ANALYSIS

To obtain a conviction for resisting arrest, the State was required to prove that appellant intentionally prevented or obstructed a person he knew to be a peace officer from effecting an arrest by using force against the peace officer. *See* Tex. Penal Code § 38.03. Appellant contends that "the evidence was nonexistent with regard to the fact that [he] actually committed any act that constituted resisting arrest."

We review factual sufficiency challenges under the same standard for legal sufficiency challenges. *See Griego v. State*, 337 S.W.3d 902, 903 (Tex. Crim. App. 2011) (per curiam). When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). The evidence is insufficient when the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense. *See Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012).

Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review includes both properly and improperly admitted evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The record shows that the officer arrived at appellant's residence in a marked patrol car. The officer was also dressed in uniform and he identified himself as an officer. Thus, the jury could have reasonably found that appellant knew the officer was a peace officer.

To show that appellant used force in resisting arrest, the State had to prove that appellant used "violence or physical aggression, or an immediate threat thereof, in the direction of and/or into contact with, or in opposition or hostility to, a peace officer." *See Dobbs v. State*, 434 S.W.3d 166, 171 (Tex. Crim. App. 2014). The jury heard sufficient evidence to make such a finding. The record shows that the officer grabbed at appellant's arm and collar, and that appellant jerked away in both instances. When the officer wrapped his arms around appellant in a bear hug, appellant still continued to twist and spin about, trying to break free.

The same behavior persisted when appellant was forced to the ground. The officer testified that he tried to place handcuffs on appellant, but appellant jerked his hands away and flailed them about when the handcuffs were still partially attached. The officer was scratched sometime during the struggle. Based on this testimony, the jury could have reasonably found that appellant used force in opposition to the officer as the officer was effecting an arrest. The jury could have also found that appellant acted intentionally because the officer gave several verbal commands to stop resisting, and appellant refused to obey. *See Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998) (providing that intent may be inferred from the surrounding circumstances).

Viewing the evidence in the light most favorable to the verdict, we conclude that the jury could have found every element of the offense beyond a reasonable doubt.

## CONCLUSION

The judgment of the trial court is affirmed.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).