ACCEPTED
01-15-00483-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/3/2015 3:35:52 PM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00483-CR

In the
Court of Appeals
For the
First District of Texas
At Houston

————————◆————————

## No. 1439664

In the 182nd District Court
Of Harris County, Texas

————————◆————————

**WILLIE MCDOWELL**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

————————◆————————

STATE'S APPELLATE BRIEF

————————◆————————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

11/3/2015 3:35:52 PM

CHRISTOPHER A. PRINE
Clerk

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**DAN MCCRORY**
Assistant District Attorney
Harris County, Texas
mccrory_daniel@dao.hctx.net

**ANDREA HANDLEY**
**AMANDA PETROFF**
Assistant District Attorneys
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/274-5826
FAX No.: 713/755-5809

*Counsel for Appellee*

ORAL ARGUMENT WAIVED

# STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39.7, the State waives oral argument.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ....................................................i

INDEX OF AUTHORITIES ............................................................... iii

STATEMENT OF THE CASE ...............................................................1

STATEMENT OF FACTS ................................................................1

SUMMARY OF THE ARGUMENT ..........................................................1

REPLY TO POINT OF ERROR ONE .......................................................2

CONCLUSION .......................................................................6

CERTIFICATE OF SERVICE ...........................................................7

CERTIFICATE OF COMPLIANCE .......................................................7

# INDEX OF AUTHORITIES

**CASES**

*Anderson v. State*,
416 S.W.3d 884 (Tex. Crim. App. 2013)...............................................................3

*Bradley v. State*,
359 S.W.3d 912 (Tex. App.--Houston [14th Dist.] 2012, pet. ref'd) ............ 3, 4, 5

*Brooks v. State*,
323 S.W.3d 893 (Tex. Crim. App. 2010)...............................................................3

*Callahan v. State*,
502 S.W.2d 3 (Tex. Crim. App. 1973)....................................................................5

*Clayton v. State*,
235 S.W.3d 772 (Tex. Crim. App. 2007)...............................................................4

*Gear v. State*,
340 S.W.3d 743 (Tex. Crim. App. 2011)...............................................................2

*Griego v. State*,
337 S.W.3d 902 (Tex. Crim. App. 2011)...............................................................3

*Harmon v. State*,
167 S.W.3d 610 (Tex. App.--Houston [14th Dist.] 2005, pet. ref'd) ....................3

*Herrero v. State*,
124 S.W.3d 827 (Tex. App.--Houston [14th Dist.] 2003, no pet.) ........................4

*Jackson v. Virginia*,
443 U.S. 307 (1979) ..............................................................................................2

*Laster v. State*,
275 S.W.3d 512 (Tex. Crim. App. 2009)...............................................................3

*Madden v. State*,
799 S.W.2d 683 (Tex. Crim. App. 1990)...............................................................2

*Sharp v. State*,
  707 S.W.2d 611 (Tex. Crim. App. 1986)................................................................4

**RULES**

TEX. R. APP. P. 39.7 ............................................................................................. i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged by indictment with the offense of aggravated robbery. (CR 8). After the jury found appellant guilty of the charged offense, the trial judge assessed punishment at 35-years confinement. (CR 237).

## STATEMENT OF FACTS

The complainant, Itashia Corbin, was at home with her one-year-old daughter when she answered a knock at her front door. (RR III 19-22, 51). Once she opened the door, appellant and another man "bum rushed" into her home. (RR III 22-24). Both men were carrying guns. (RR III 23). Appellant held the complainant at gunpoint while his partner went "through the house" and gathered items such as an Xbox, shoes, and cash. (RR III 25-26). After "they grabbed what they could," appellant and his accomplice left with the loot. (RR III 26-27). The complainant chased appellant, prompting him to fire his gun in the air. (RR III 27).

## SUMMARY OF THE ARGUMENT

Since the testimony of a single eyewitness is sufficient to support a conviction and the complainant's testimony establishes each element of the charged offense, the evidence is sufficient to support appellant's conviction. Furthermore, any inconsistencies in the complainant's testimony do not undermine

the sufficiency of the evidence because the jury is presumed to have resolved any inconsistencies in favor of the verdict.

## <u>REPLY TO POINT OF ERROR ONE</u>

In his sole point of error, appellant contends the trial judge erred by denying his motion for an instructed verdict. (RR III 202). Appellant argues he was entitled to an instructed verdict because the evidence is insufficient to support his conviction for aggravated robbery. Regarding his insufficiency claim, appellant maintains the complainant was not credible due to inconsistencies in her testimony.

A challenge to a trial judge's ruling on a motion for an instructed for verdict is actually a challenge to the sufficiency of the evidence to support the conviction. *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990). In determining whether the evidence is sufficient to support a conviction, a reviewing court must consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). This standard gives full play to the responsibility of the factfinder to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Gear*, 340 S.W.3d at 746 (quoting *Jackson*, 443 U.S. at 319). When the record

2

supports conflicting inferences, the reviewing court presumes the jury resolved the conflicts in favor of the State and defers to that determination. *Anderson v. State*, 416 S.W.3d 884, 888 (Tex. Crim. App. 2013). This standard applies equally to circumstantial and direct evidence. *Laster v. State*, 275 S.W.3d 512, 517-18 (Tex. Crim. App. 2009).[1]

The complainant testified that appellant forced his way into her home and held a gun on her, causing her to fear death, while appellant's accomplice stole her property. (RR III 19-26). She stated she was positive that appellant is "the man that came into [her] home and took [her] property and held [her] at gunpoint." (RR III 77). The complainant's testimony establishes all of the elements of the offense as alleged in the indictment. (CR 9).

A robbery victim's testimony, standing alone, is sufficient to support a conviction. *Bradley v. State*, 359 S.W.3d 912, 918 (Tex. App.--Houston [14th Dist.] 2012, pet. ref'd); *Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.--Houston [14th Dist.] 2005, pet. ref'd). Therefore, the complainant's testimony, which alone proves the alleged offense, is sufficient to support appellant's conviction. *Id*.

---

[1] Appellant asks this Court to conduct a legal and factual sufficiency review, employing different standards for the two proposed analyses. (appellant's brief, pp. 9-10). It is well settled, however, that the *Jackson v. Virginia* standard is the only standard that an appellate court should apply in determining the sufficiency of the evidence. *Griego v. State*, 337 S.W.3d 902, 903 (Tex. Crim. App. 2011) (citing *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)).

Furthermore, the complainant's identification of appellant as the robber was corroborated by Shavondia Smith, who testified that, on the day of the robbery, appellant had custody of her Explorer, which is the vehicle in which the robber loaded the stolen items and attempted to flee after his commission of the offense. (RR III 30-31, 35-38, 87-92, 118-119, 127-129). Such corroboration further strengthens the sufficiency of the evidence.

Nevertheless, appellant argues the complainant was not credible because of certain inconsistencies in her testimony. This claim fails to alter the outcome of the sufficiency review because inconsistencies in testimony do not render the evidence insufficient. *Herrero v. State*, 124 S.W.3d 827, 833 (Tex. App.--Houston [14th Dist.] 2003, no pet.). Regarding inconsistent testimony, the jury was entitled to determine the credibility of the witnesses and the weight to be given to their testimony. *Id*. As the sole factfinder, the jury was authorized to believe or disbelieve any portion of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). It is the jury's duty to resolve any conflicts in the testimony. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Bradley*, 359 S.W.3d at 917. Any inconsistencies in the testimony should be resolved in favor of the jury's verdict in a sufficiency review. *Herrero*, 124 S.W.3d at 833. Therefore, the evidence is sufficient to support appellant's conviction despite any inconsistencies in the complainant's testimony. *Id*.

Appellant also suggests the evidence is insufficient because his fingerprints were not found on the gun he used during the robbery or on the Explorer he attempted to operate after the robbery. (RR III 183-186). The lack of fingerprints on the gun is not compelling because the investigating officer testified that the gun's variant texture was not conducive to holding a fingerprint. (RR III 185-187). Regarding the Explorer, the officer testified that it is "very rare" to discover fingerprints at a crime scene. (RR III 183). Therefore, the absence of fingerprints does not raise a reasonable doubt about appellant's guilt. *Callahan v. State*, 502 S.W.2d 3, 6 (Tex. Crim. App. 1973) (evidence sufficient to support burglary conviction despite lack of fingerprint evidence); *Bradley*, 359 S.W.3d at 917 (jury may find guilt without physical evidence linking the accused to the crime).

Accordingly, despite appellant's claims, the complainant's testimony, standing alone, remains sufficient to support appellant's conviction. Point of error one is meritless and should be overruled.

## CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ Dan McCrory
**DAN McCRORY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 274-5826
TBC No. 13489950
mccrory_daniel@dao.hctx.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent to the following email address via TexFile:

Hattie Sewell Shannon
Attorney at Law
Hattieshannon52@yahoo.com

/s/ Dan McCrory
**DAN McCRORY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 274-5826
TBC No. 13489950

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 995 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ Dan McCrory
**DAN McCRORY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 274-5826
TBC No. 13489950

Date: 11/3/2015